IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 3, 2004

## DARRYL D. JACKSON v. STATE OF TENNESSEE

**Post-Conviction Appeal from the Criminal Court for Davidson County**
**No. 2001-D-2147    Cheryl Blackburn, Judge**

_____

**No. M2003-00730-CCA-R3-PC - Filed February 18, 2004**

_____

On November 2, 2001, the Davidson County Grand Jury returned a three count indictment against the Petitioner, Darryl D. Jackson. He was charged with possession of a schedule VI controlled substance with intent to sell or deliver, possession of a schedule II controlled substance, and driving on a suspended license. On January 22, 2002, he pled guilty to possession of a schedule VI controlled substance with intent to sell or deliver. The other two charges were dismissed. The appellant received a two year and one month sentence and was given a recommendation for the Department of Correction's Boot Camp program. On October 4. 2002, the petitioner filed a petition for post-conviction relief and an amended petition on November 14, 2002. A hearing was held on February 18, 2003 and on March 3, 2003, the trial court entered an order denying the petitioner's request for post-conviction relief. In this appeal, the appellant argues that the post-conviction court erred in finding that his guilty plea was entered knowingly and voluntarily and was not the result of trial counsel's ineffective assistance. After a review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and THOMAS T. WOODALL, JJ., joined.

Richard D. Dumas, Jr., Nashville, Tennessee, for the appellant, Daryl D. Jackson.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

<u>Factual Background</u>

On July 25, 2001, the petitioner was arrested for possession of a schedule VI controlled substance with intent to sell or deliver in violation of Tennessee Code Annotated section 39-17-417 (a)(4)(g)(1). In a three-count indictment returned by the Davidson County Grand Jury, the petitioner was charged with possession of a controlled substance with intent to sell or deliver in violation of Tennessee Code Annotated section 39-17-417; possession of a controlled substance in violation of Tennessee Code Annotated section 39-17-418; and driving with a cancelled license in violation of Tennessee Code Annotated section 55-50-504. On November 20, 2001, at the petitioner's arraignment, he pled not guilty and was appointed counsel. On January 22, 2002, the petitioner entered into a plea agreement negotiated by his trial counsel and the State. Pursuant to the agreement, the petitioner pled guilty to Count 1 and was fined $2,000 and sentenced to two years and one month to be served at 30%. The sentence was ordered to be served consecutive to a four-year sentence the petitioner received in a Division IV case for a total effective sentence of six years and one month. The petitioner also received a recommendation that he be assessed for TDOC's Special Incarceration Unit, commonly known as Boot Camp. The remaining charges against the petitioner were dismissed.

**Post-Conviction Standard of Review**

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. <u>See</u> <u>State v. Burns</u>, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issue raised, we will afford those findings of fact the weight of a jury verdict, and this court is bound by the court's findings unless the evidence in the record preponderates against those findings. <u>See</u> <u>Henley v. State</u>, 960 S.W.2d 572, 578 (Tenn. 1997); <u>Alley v. State</u>, 958 S.W.2d 138, 147 (Tenn. Crim .App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. <u>See</u> <u>State v. Honeycutt</u>, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. <u>See</u> <u>Fields v. State</u>, 40 S.W.3d 450, 458 (Tenn. 2001).

**Effectiveness of Assistance of Counsel**

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. <u>See</u> <u>Powers v. State</u>, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the

petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." Henley, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. See id. at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. Burns, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. See Adkins, 911 S.W.2d at 347. This Court may not second-guess a reasonably based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. See id. However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. See Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Turning to the specific allegations made by the petitioner, we note that once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. See Hill v. Lockhart, 474 U.S. 52, 56,106 S. Ct. 366, 369 (1985) (citing North Carolina v. Alford, 400 U.S. at 31, 91 S. Ct. 160, 164 (1970)). As stated supra, in order to successfully challenge the effectiveness of counsel, the petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. See Baxter, 523 S.W.2d at 936. Under Strickland v. Washington, 466 U.S. at 687, 104 S. Ct. at 2064, the petitioner must establish (1) deficient representation and (2) prejudice resulting from the deficiency. However, in the context of a guilty plea, to satisfy the second prong of Strickland, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59, 106 S. Ct. at 370; see also Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

The petitioner testified at the evidentiary hearing that he remembered getting an initial offer from the District Attorney of 18 months at 30%. He stated that his trial counsel indicated to him that the eighteen months would be served day for day and that counsel recommended that he not take the offer. The petitioner further testified that trial counsel proposed Boot Camp and indicated that the Boot Camp program was 120 days. The petitioner then stated that he took the State's offer of two years and one month with a recommendation for Boot Camp. He indicated that he was aware that

he would be recommended to Boot Camp and was not guaranteed that he would be placed there. The petitioner was found not eligible for the Boot Camp program because he had two prior felonies in 1994 and 1997. The petitioner alleges that had he known that he was not even eligible for Boot Camp he would have taken the State's initial offer of eighteen months.

Trial counsel testified that he was aware of the prior felonies, but based on information received from the petitioner, that he had not served his prior sentence to expiration, he suggested Boot Camp as a possible option. Counsel relied on the petitioner's criminal history as provided by the petitioner and because he operated under the belief that petitioner's prior sentence had not expired, he suggested that one possible argument, albeit a weak one, they could make was that under the TDOC guidelines, the petitioner was eligible for Boot Camp if they argued that the term "served" in the guidelines meant not completed. Even though counsel had access to the State's discovery and was aware of the prior convictions and the requirements of Boot Camp, he relied on the petitioner's claims that he had not completed his sentences. For these reasons, we find that trial counsel's representation was not deficient.

The trial court found that the petitioner admitted that he believed that the eighteen month offer was a day for day offer. With the petitioner operating under the belief that the eighteen month offer would be served day for day, he received a lighter sentence than he anticipated with his two-year and one-month sentence at 30%, the Range I Standard Offender percentage. The petitioner actually benefitted from the fact that he was categorized as a Range I offender for his sentence when in fact he falls under the Multiple Offender categorization. Based on these findings, the petitioner has failed to demonstrate by clear and convincing evidence that he was prejudiced by counsel's alleged deficient conduct.

## Conclusion

Based on the foregoing, we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE